## Elisha P. Barstow *vs. Inhabitants of* Augusta.

Where the Selectmen of a town, being the only surveyors of highways therein, contracted with one man to repair a certain part of a highway, and requested another person to keep in repair, at the expense of the town, the highway from place to place, including that in relation to which the contract was made, who had made repairs and had been paid therefor by the town, and also requested him to open a road at a distance from the highway, with the verbal permission of the owner of the land, in order to avoid defects and obstructions, and where damage is sustained by the person thus requested to repair the highway, occasioned by defects and obstructions on that part of the way with respect to which the contract was made, he is not precluded by these acts from recovering the amount of his damages against the town.

The plaintiff claimed damages of the inhabitants of *Augusta*, for an injury done to his stage coach, sustained, as he alleged, in consequence of defects suffered to remain in the highway within the town. The claim was submitted to a referee. The award of the referee is stated in the opinion of the Court. The exceptions were by the defendants.

The arguments were in writing, by *Boutelle* and *Child*, for the plaintiff, and by *Emmons*, for the defendants.

*For the defendants*, it was contended:

1. That knowing, as the plaintiff did, the condition of that part of the road where the accident happened, it was an act of imprudence, rashness and carelessness on his part to pass with his coach over the highway at the time and under the circumstances he did. He did not exercise ordinary care, and should himself sustain the loss occasioned by the accident. *Smith* v. *Smith*, 2 *Pick.* 624; *Thompson* v. *Bridgwater*, 7 *Pick.* 190; *Farnum* v. *Concord*, 2 *N. H. Rep.* 392.

2. The plaintiff having been guilty of an omission and neglect of duty in regard to that portion of the road where the injury oc-

curred for which he was liable to the defendants, he cannot maintain an action against them for damages which he has sustained arising from defects or obstructions in that part of the highway. The plaintiff performed the duty of highway surveyor under the authority of the town, and the reason is as strong against his recovering, as if he had been actually appointed such. It is not necessary that his limits should be assigned in writing. *Callender* v. *Marsh,* 1 *Pick.* 426; *Wood* v. *Waterville,* 5 *Mass. R.* 292.

*For the plaintiff,* it was argued, that the facts stated in the report of the referee afforded no defence for the town.

The plaintiff was not a highway surveyor, not having been made such in any mode permitted by law. He had not the power or authority of a surveyor, and was in no way liable to the town or to others for any neglect to keep the road in repair. There was no assignment in writing of his limits as the law requires. The town did not expect the plaintiff to repair the road where the accident happened. That was to be done by the commissioner of public buildings. But if the plaintiff can be considered as a surveyor, he had no right to expend money except on the proper highways. *Austin* v. *Carter,* 1 *Mass. R.* 231. Nor had the town any right to expend the money on the place where it was proposed. When the road is not safe, they have power only to go on the adjoining land. 2 *Doug.* 749. The referee does not state any facts showing carelessness in the plaintiff, and the Court cannot presume what does not appear. *Bigelow* v. *Weston,* 3 *Pick.* 267. Our statute is different from that in *Massachusetts,* and the case of *Wood* v. *Waterville,* does not apply. *Haskell* v. *Knox,* 3 *Greenl.* 445; *Moor* v. *Cornville,* 13 *Maine R.* 293.

The opinion of the Court was by

EMERY J. — This is an alternative award presented to the Court for obtaining their judgment upon such facts as are detailed in the award. On the presentment of the report of the referee, it was accepted, and judgment given by one Judge in favor of the plaintiff. Exception was taken to this decision. It was made formally for the very purpose of affording an opportunity more maturely to review that decision. We perceive that the referee ascertained that the highway was deficient in the requisite repairs, and that

Barstow *v.* Augusta.

injury arose to the plaintiff by reason of the obstruction or want of proper repairs, because he determines that the plaintiff recover $120 damages and costs, *if, in the opinion of the Court, the facts set forth by the referee do not constitute a legal defence to the action.*

But the defendants insist, that their defence is made out in consequence of the fact that one of the selectmen had at some period previous to the injury to the plaintiff, employed him to make and superintend all necessary repairs upon the roads where the injury arose and to the north line of *Hallowell,* and prior to the injury, told him to expend so much money as was necessary ; and from the circumstance that the plaintiff's account of repairs upon the highways within the limits assigned him, was presented, allowed and paid by the town. The plaintiff was not a surveyor. No surveyors were appointed in writing for the year. The selectmen became such for the year. In behalf of the town of *Augusta,* one of the selectmen for 1832, made a contract with the commissioner of public buildings, for the erection of a back wall and raising the road in front of the State House. This work was in progress at the time the damage was done to the plaintiff, while passing on this part of the highway. A passage was left of about twenty-five feet, through and over which, before, at the time, and for several days after the accident, the public passed without injury. But prior to the injury to the plaintiff, and while the road in front of the State House was in progress of repair, the said selectman, in behalf of the town, requested the plaintiff to reopen the old road, in rear of the State House, the verbal consent of the owner of the land having been obtained therefor, and render the same safe and convenient for travelling, and authorized him to expend so much as should be necessary for that purpose. That a day or two before the accident the witness called on the plaintiff a second time, informing him of the interruption to the work upon the road, as well as the danger to the public by the travel over it, and again urged him forthwith to make the *old road* safe and convenient for travellers, as he was apprehensive accidents might occur on the new road, if the public travel should continue over it.

This action only was referred. Where right and fact only are referred, the decision strictly should be according to law. If a

question of law be referred, the decision is binding though not according to law. As it is such law as the Judge selected by the parties may choose to dispense, courts of law do not interfere to alter it. In this case, the referee has invoked the judgment of the Court upon the legality of the defence to the plaintiff's action.

The facts exhibit a solicitude on the part of the municipal authorities to afford accommodation, repair the highways, and protect against accidents. And it is urged, that the plaintiff should be regarded as a surveyor, with all the consequences attached to that character, as if legally chosen and sworn into that office, and that had he been such surveyor, he could not have sustained the suit. However analogous in principle his situation may be, as he did not sustain the legal character of a surveyor, we cannot say, that in point of law, he was brought within the incapacity which would have attended him, had he been such officer. It is apparent, that the town had put this part of the highway under the direction of the commissioner of public buildings, which would strongly indicate *an excuse to the plaintiff for not interfering there.* The road was not stopped, but a passage of about twenty-five feet kept open for the public to pass.

The right to go on adjacent land, with the assent of the owner, while the highway was repairing, might prevent a suit against those who should pass over it. *But we do not discover the evidence of any binding contract on the part of the plaintiff to perform the work on another man's land, which should exempt the defendants from responsibility as to this lawful highway* which was kept open. Nothing in writing from the owner of the land on the old road, authorizing the step of opening it, was exhibited to the plaintiff, and it might be exposing him to great inconvenience to make out the proof of the license, should he proceed to subvert the land and make repairs on it for a highway, if the owner of the land became dissatisfied and commenced a prosecution.

In our judgment the exceptions must be overruled.